Case 4:24-cv-00047   Document 10   Filed on 03/05/24 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
March 05, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANDRE GARY STEVENS, SPN #02354618, <br><br> Plaintiff, <br><br> v. <br><br> HOUSTON POLICE DEPARTMENT, et al., <br><br> Defendants. | § § § § § § § § § § § § |

CIVIL ACTION NO. H-24-0047

## MEMORANDUM OPINION AND ORDER

The plaintiff, Andre Gary Stevens (SPN #02354618), has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint")(Docket Entry No. 1), concerning his arrest by officers with the Houston Police Department and the Metro Police Department. Because Stevens is a prisoner who proceeds *in forma pauperis*, the court is required by the Prison Litigation Reform Act (the "PLRA") to scrutinize the Complaint and dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also* 28 U.S.C. § 1915A(b). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

While in custody at the Harris County Jail, Stevens filed this civil rights action against the Houston Police Department and the Metro Police Department, concerning his recent arrest.[1] Public records confirm that Stevens was arrested and charged in November of 2023, with theft as a repeat offender in Harris County Case No. 184487401010.[2] On January 29, 2024, Stevens entered a guilty plea to the theft charges against him in the 185th District Court for Harris County, Texas.[3] He received a sentence of one year in the Harris County Jail,[4] where he remains in confined.

Stevens claims that several items of his personal property "came up missing" after his arrest by unidentified officers with the Houston Police Department and the Metro Police Department.[5] Stevens claims that seven different computers, two "Swiss bags,"

---

[1] Complaint, Docket Entry No. 1, p. 3.

[2] See Indictment in Case No. 184487401010, available at Office of the Harris County District Clerk, located at: http://www.hcdistrictclerk.com (last visited March 5, 2024). When deciding to dismiss a complaint a "district court may properly take judicial notice of public state court records." Stiel v. Heritage Numismatic Auctions, Inc., 816 F. App'x 888, 892 (5th Cir. 2020) (per curiam).

[3] See Judgment of Conviction by Court - Waiver of Jury Trial in Case No. 184487401010, available at Office of the Harris County District Clerk, located at: http://www.hcdistrictclerk.com (last visited March 5, 2024).

[4] Id.

[5] Complaint, Docket Entry No. 1, pp. 3-4.

-2-

and two I-phones were taken from his personal property.[6] He seeks up to $10,000.00 in compensatory damages for his missing personal property.[7]

## II.  **Standard of Review**

Federal courts are required by the PLRA to screen prisoner complaints to identify cognizable claims or dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See Crawford-El v. Britton, 118 S. Ct. 1584, 1596 (1998) (summarizing provisions found in the PLRA, including the requirement that district courts screen prisoners' complaints and summarily dismiss frivolous, malicious, or meritless actions); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015) (discussing the screening provision found in the federal in forma pauperis statute, 28 U.S.C. § 1915(e)(2), and reforms enacted by the PLRA that were "'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good'") (quoting Jones v. Bock, 127 S. Ct. 910, 914 (2007)) (alteration in original).

A complaint is frivolous if it "'lacks an arguable basis either in law or in fact.'" Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (quoting Neitzke v. Williams, 109 S. Ct. 1827, 1831

---

[6]Id. at 4.

[7]Id.

-3-

(1989)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (citations and internal quotation marks omitted). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted).

To avoid dismissal for failure to state a claim, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citation omitted). If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. Id. at 1974. A reviewing court must "'accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff.'" Heinze v. Tesco Corp., 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted). But it need not accept as true any "conclusory allegations, unwarranted factual inferences, or legal conclusions." Id. (internal quotation marks and citations omitted); see also White v. U.S. Corrections, L.L.C., 996 F.3d 302, 306-07 (5th Cir. 2021) (same). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965).

Because the plaintiff represents himself, his pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam). Even under this lenient standard a plaintiff must allege sufficient facts which, when taken as true, state a claim for relief that is plausible on its face. Legate v. Livingston, 822 F.3d 207, 210 (5th Cir. 2016) (citation omitted). A district court may summarily dismiss a pro se litigant's lawsuit "before service of process or before the filing of the answer" if it is satisfied that the plaintiff has pleaded his "best case." Brewster v. Dretke, 587 F.3d 764, 767-68 (5th Cir. 2009) (citations omitted).

### III. Discussion

Stevens sues the Houston Police Department and the Metro Police Department for actions taken by unidentified officers. Construing the Complaint as one against the City of Houston or the Houston Metropolitan Transit Authority, Stevens fails to state a viable claim.[8] A municipal entity cannot be held vicariously liable under a theory of respondeat superior for wrongdoing

---

[8] As subdivisions of the City of Houston or the Houston Metropolitan Transit Authority, Stevens does not establish that the Houston Police Department or the Metro Police Department have the capacity to be sued as required by Fed. R. Civ. P. 17(b). See Darby v Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991).

committed by its employees. See Monell v. Dep't of Social Services of City of New York, 98 S. Ct. 2018, 2036 (1978) ("[W]e conclude that a municipality cannot be held liable solely because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.") (emphasis in original). To state a claim for municipal liability under 42 U.S.C. § 1983, a plaintiff must allege facts identifying "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." Pineda v. City of Houston, 291 F.3d 325, 328 (5th Cir. 2002); see also Monell, 98 S. Ct. at 2037-38.

Stevens does not allege facts that are sufficient to establish a policy or to state a claim for relief against the City of Houston or the Houston Metropolitan Transit Authority. See Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001) (A municipality is liable only for unconstitutional conduct that is directly attributable to it "through some official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability.").

More importantly, Stevens's claim concerning his missing property does not establish a constitutional violation. The Supreme Court has held that a negligent, or even intentional, deprivation of property by an officer that is random and

unauthorized does not rise to the level of a constitutional violation or a cognizable claim under 42 U.S.C. § 1983 if state law provides an adequate post-deprivation remedy. See Hudson v. Palmer, 104 S. Ct. 3194, 3204 (1984); see also Parratt v. Taylor, 101 S. Ct. 1908, 1917 (1981), overruled in part on other grounds by Daniels v. Williams, 106 S. Ct. 662 (1981).

Texas provides a post-deprivation remedy for inmates whose property has been taken or destroyed in an unauthorized manner. See Myers v. Klevenhagen, 97 F.3d 91, 94-96 (5th Cir. 1996) (per curiam); see also Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir. 1994) (explaining that wrongful confiscation of an inmate's personal property may be actionable in Texas under the tort of conversion); Stauffer v. Gearhart, 741 F.3d 574, 583 (5th Cir. 2014) (per curiam) ("In Texas, when an inmate's property is taken without compensation, his remedy is in state court, not federal court."). Therefore, Stevens's claim concerning his missing property must be dismissed as frivolous.[9] See Nelson v. Director, Texas Dep't of Crim. Justice, 124 F. App'x 897, 898 (5th Cir. 2005) (per curiam) (holding that both the civil rights lawsuit and appeal from the dismissal of a prisoner's suit seeking compensatory damages for the loss of personal property were "frivolous").

---

[9] Because Stevens does not allege facts showing that he suffered any physical injury, his claim for compensatory damages is also precluded by the PLRA. See 42 U.S.C. § 1997e(e); see also Mayfield v. Texas Dep't of Criminal Justice, 529 F.3d 599, 605-06 (5th Cir. 2008).

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner's Civil Rights Complaint filed by Andre Gary Stevens under 42 U.S.C. § 1983 (Docket Entry No. 1) is **DISMISSED with prejudice**.

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff and to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this 5th day of March, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE